### No. 1633.—SUCCESSION OF CHARLES SCHUTTLER.

The executrix and tutrix, having interests in common with the major and minor heirs, are incompetent to represent the minors in a judicial partition.

Proceedings in partition, where the tutrix has represented the minors without the advice of a family meeting, are null, and the purchaser of property at a sale made under such circumstances cannot be compelled to pay the price bid.

APPEAL from the Second District Court of New Orleans—*Thomas, J. F. Fuselier* for appellant. *Budd & Grover* and *Frank Haynes* for appellees.

TALIAFERRO, J.   The defendants in rule, Ryan and Lacey, having purchased real estate of the succession of Schüttler, at a probate sale made in the year 1837, declined paying the amount of their bids.   A rule was filed against them by the executrix of Schüttler to show cause why they should not be required to comply with the terms of the sale; or failing therein, why the property purchased by them should not be sold at their *folle enchere,* and at their risk.   They answered separately, but the grounds of defense were substantially the same, except that Lacey averred that the title to the property purchased by him was defective, for the reason that Schüttler bought it at a probate sale of Weber's estate, in which minor heirs were interested, and that the legal proceedings to divest the interest of the minors had not been observed.   The defendants averred that the proceedings in the succession of Schüttler, under which the sale and adjudication were made, were also defective and null, and that the adjudication passed no title to the purchasers.   They allege that the steps taken by the executrix to obtain the order under which the sale was made, were irregular and illegal, the object being a disguised partition; and not having observed the formalities required in proceedings to effect a judicial partition, nullity ensued.

Judgment was rendered in the court below in favor of the defendants, and the executrix has prosecuted this appeal.

The executrix of Schüttler is his widow and the mother of his six children, three of whom are of the age of majority and three are minors.   The executrix is also tutrix of the minors.   The domicile of these parties is in the parish of Avoyelles, in this State.   The real property of the succession is situated in New Orleans.   The proceedings seem to have been carried on partly before the Second District Court of New Orleans and partly before the District Court of the Seventh Judicial District sitting for the parish of Avoyelles.

Succession of Charles Schuttler.

In June, 1867, the executrix filed a provisional account, in which the debts of the succession were set down, and the amount of the assets. The debts deducted, a remaining balance of eight hundred and twenty-four dollars and forty-seven cents was distributed. This account was duly homologated in the month of July. The executrix filed a petition in the Second District Court on the twenty-fifth of June, 1867, setting forth that the major heirs had become clamorous for a full and final settlement of the succession; and to effect that purpose, she prayed that the real estate in New Orleans be sold for cash for her half interest, and also for the interests of the major heirs, but on a credit of one, two and three years, with mortgage, for the minors' share. Pending the action of the court on this application, proceedings were taken in Avoyelles to procure the consent of a family meeting to the sale, and obtain the terms upon which the minors' interest in the real estate should be sold. These proceedings being exhibited to the Second District Court, it rendered the order prayed for, and after the legal delays, the property was sold.

It is clear from the entire course pursued in this case, that a partition of the succession was the actuating motive of the executrix and the major heirs. There was else no necessity for a sale of the remaining property of the estate after the debts were paid, and a partial division made by the provisional account. The interests of the executrix and tutrix were in conflict with those of the minors, and she was incompetent, in a judicial partition, to represent them. As a proceeding in partition, and we can take no other view of it, it was null for the want of proper parties. In regard to the additional ground of defense set up by Lacey, it seems well founded. The particular property adjudicated to Lacey was acquired, as already said, from the succession of Weber at a probate sale made at the instance of a tutor without the authority or advice of a family meeting. This Court pronounced the nullity of that sale in the matter of the succession of Mrs. J. G. Weber. 16 An. p. 420.

We concur with the Judge *a quo* in the judgment rendered by him. Civil Code, article 1291; C. P. 116, 1020; 5 An. 208; 14 An. 154; 15 An. 251.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.